UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONDRA MIJARES, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ADELA MIJARES, DECEASED, *Plaintiffs*, <br><br> vs. <br><br> ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, *Defendant*. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:23-CV-205-BK |

## COMPLAINANTS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COME**, ALONDRA MIJARES, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ADELA MIJARES, DECEASED ("Complainant"), complaining of ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("Respondent"), and for cause of action Complainants would respectfully show unto the Court the following:

### I. SCHEDULING ORDER

1. Pursuant to US Magistrate Judge Toliver's March 3, 2023 Scheduling Proposal Orders, the parties have conferred and are in the process of preparing their Joint Scheduling Proposal outlining deadlines for this matter.

### II. PARTIES AND SERVICE

2. Complainants are residents of Dallas County, TX.

3. Respondent has been duly served, responded to the complaint, and is represented by counsel.

### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5.   This court has jurisdiction over the parties because Respondent has established minimum contacts with the State of Texas.

6.   Venue is proper before this court under Texas Insurance Code §1952.110(1) in that the policyholder or beneficiary instituting the action resided in Dallas County, Texas, at the time of the accident involving the uninsured or underinsured motor vehicle.

## IV. FACTS

7.   This case involves a motor-vehicle collision that resulted in bodily injuries due to the conduct of a third-party tortfeasor.

8.   The case subsequently settled with the tortfeasor's third-party insurance carrier.

9.   The tortfeasor did not have adequate liability insurance coverage to cover the loss at issue. Consequently, Complainants have filed this complaint to seek policy benefits pursuant to their underinsured motorist coverage.

10.  Complainants believe Respondent has failed to fulfill its legal and financial obligations to Complainant by failing to pay benefits pursuant to Complainant's insurance policy.

11.  The facts for the underlying case occurred on March 3rd, 2021.

12.  Prior to Complainants seeking to secure insurance benefits from Respondent, third-party tortfeasor Ashley Cardoza failed to yield the right of way at a four way stop, causing a violent collision with the front of Complainants' and another vehicle.

13.  As a result, Complainants sustained significant physical injuries and damages.

14.  The tortfeasor's third-party insurance company tendered their limits to Complainants and the individuals in the other vehicle, but the amount tendered was not enough to cover all of Complainants' physical injuries and damages.

15. Consequently, Complainants made a claim through their first party insurance company held by Respondent, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.

16. Month after month, year after year, for years, Complainants paid Respondent numerous premiums for insurance coverage to cover the losses where a potential third-party tortfeasor was either under-insured or uninsured.

17. Month after month, year after year, for years, Respondent took Complainant's money for illusory coverage under Respondent's policy.

18. Complainant was forced to file this lawsuit to secure the benefits Respondent failed to provide.

## V. COMPLAINANT'S CLAIM AGAINST ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY FOR DECLARATORY RELIEF UNDER THE UNIFORM DECLARATORY RELIEF ACT

19. At the time of the collision made basis of this suit, Complainants had a current motorist policy with Respondent, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.

20. Under the terms of Complainants' policy with ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Respondent had a duty to pay claims for underinsured motorist bodily injuries incurred by Complainants arising from the accident the subject of this suit, for which Complainants hereby sue.

21. As a result of the accident the subject of this suit, Complainants sustained injuries.

22. To date, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY has refused to pay a reasonable amount for Complainants' benefits pursuant to Complainants' underinsured motorist bodily injuries sustained as a result of the accident made basis of this suit and covered under the ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S policy.

23. Complainants hereby seek a direct action against Respondent for a determination of their damages from the collision, a declaratory judgment establishing that Complainants are entitled to

recover under their UIM policy and attorney fees under the Uniform Declaratory Judgments Act for all available relief.

24. The UDJA provides that [a] contract may be construed either before or after there has been a breach. TEX. CIV. PRAC. & REM. CODE Section 37.004(b).

25. The Uniform Declaratory Judgments Act empowers Texas courts "to declare rights, status and other legal relations whether or not further relief is or could be claimed." TEX. CIV. PRAC. & Remedies Code Section 37.003(a).

26. The Act's stated "purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and it is to be liberally construed and administered." *Id.*

*27.* Moreover, "the declaration has the force and effect of a final judgment and decree." *Id.*

28. The Act provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE Section 37.009.

29. Accordingly, Plaintiff hereby seeks attorney fees under the Uniform Declaratory Judgment Act.

## VI. DAMAGES FOR COMPLAINANTS

30. As a direct and proximate result of the collision caused by the tortfeasor, Complainants suffered serious and disabling personal injuries:

31. Complainants have incurred the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were incurred, by Complainants for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

B. Reasonable and necessary medical care and expenses, which in all reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future; which in all reasonable probability, will be suffered in the future;

E. Physical impairment in the past;

F. Physical impairment, which in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity in the future, which in all reasonable probability, will be incurred in the future;

I. Mental anguish in the past;

J. Mental anguish in the future, which in all reasonable probability, will be incurred in the future;

K. Disfigurement in the past and future, and

L. The Act provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE Section 37.009. Accordingly, Complainant hereby seeks attorney fees under the Uniform Declaratory Judgment Act. Plaintiff's counsel's hourly rate is $550 per hour for each hour worked in having to file and prepare this matter for trial.

## VII.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Complainant respectfully prays that the Respondent be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Complainant against Respondent for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**The Law Office of James Trujillo -DFW**

By: _____
James Trujillo
SBN: 24056453
Ramon E. Gonzalez
SBN: 24097745
1111 W. Mockingbird Ln., Suite 253
Dallas, Texas 75247
Tel: (972) 550-6818
Fax: (469) 983-5600
Service Email: Service@JamesTrujillodfwlaw.com
**ATTORNEYS FOR PLAINTIFF**